■ ALBERT W. NOWORYTA, Respondent, v C. BRANT KLIP-

PERT, Individually and Doing Business as SHAKER REPRODUCTIONS, Appellant.—Order unanimously reversed, on the law, with costs, and motion denied. Memorandum: Plaintiff delivered two cabinets to defendant for repair and refinishing. The cabinets were destroyed by fire at defendant's place of business and plaintiff brought this action for money damages for loss of the cabinets. This appeal by defendant is from the order of Special Term granting plaintiff's motion for summary judgment. We reverse.

Proof of failure of a bailee to return bailed goods on demand raises a presumption of negligence, placing the burden on the bailee to come forward and explain the circumstances of the loss of the goods. If the jury believes the explanation proffered by the bailee, the bailor is not entitled to judgment unless he proves that the bailee was at fault. Thus, evidence that the bailed goods were destroyed by fire creates a question of fact for the jury, and if believed, the bailor may not recover unless he proves that the fire resulted from the bailee's intentional act or negligence (*I.C.C. Metals v Municipal Warehouse Co.*, 50 NY2d 657, 665-666). Since plaintiff has not presented evidence that the fire was caused by the intentional act or negligence of defendant, he is not entitled to summary judgment. The evidence submitted by plaintiff, that the fire originated in defendant's furnace and that the furnace had caused a fire on a previous occasion, without more, is not evidence of negligence. (Appeal from order of Supreme Court, Erie County, Marshall, J.—summary judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Lawton, JJ.